# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | Case No. 1:24-cv-00094-SAB-HC<br><br>**FINDINGS AND RECOMMENDATION TO DENY STAY AND DISMISS PETITION WITHOUT PREJUDICE**<br><br>**ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE** |

## I.
## BACKGROUND

Petitioner, a state prisoner proceeding pro se, filed in the United States District Court for the Northern District of California a "notice of independent action" pursuant to Federal Rule of Civil Procedure 60(b)(3)–(4) seeking relief from a criminal judgment out of the Kern County Superior Court. (ECF No. 1.) On January 18, 2024, the Northern District of California, construing the filing as a petition for writ of habeas corpus under 28 U.S.C. § 2254, transferred the matter to this Court. (ECF No. 5.)

## II.
## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1

> . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

Fed. R. Civ. P. 60(b)(3)–(4). Here, however, Petitioner requests that the Court "declare the Kern County Superior Court judgment in Case No. 41477 null and void forthwith." (ECF No. 1 at 1.)[1] As Rule 60 of the Federal Rules of Civil Procedure cannot be used to relieve Petitioner from a judgment of a state court, this Court, like the Northern District of California, will construe the filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis").

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges his Kern County Superior Court judgment in Case No. 41477. (ECF No. 1 at 1.) Petitioner previously sought federal habeas relief in this Court with respect to the same judgment. See Bolin v. Chappell, No. 1:99-cv-05279-LJO-SAB, 2016 WL 3213551 (E.D. Cal. June 9, 2016) (denied on the merits); Bolin v. Kern County Superior Court, No. 1:17-cv-00985-LJO-SAB (dismissed as successive); Bolin v. On Habeas Corpus, No. 1:18-cv-00692-LJO-SAB (dismissed as successive); Bolin v. State of California, No. 1:22-cv-00670-ADA-PEG (dismissed as successive).[2] The Court finds that the instant petition is "second or successive" under § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 2, 2024**

UNITED STATES MAGISTRATE JUDGE

4